**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI**

ETRAILER CORPORATION,

                    Plaintiff,

v.

ONYX ENTERPRISES, INT'L CORP. D/B/A
CARID.COM

  a New Jersey Corporation

Serve: Roman Gerashenko
Registered Agent
One Corporate Drive, Suite C
Cranbury, NJ 08512

                    Defendant.

Case No.

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff, etrailer Corporation   ("etrailer"), for its complaint against Defendant, Onyx Enterprises Int'l, Corp. d/b/a CARiD, ("CARiD"), states as follows:

## NATURE OF THE ACTION

1.    This is a civil action for copyright infringement, false designation of origin, unfair competition and related claims under federal and state law.

2.    etrailer is a leading online vendor of motor vehicle accessories, including trailer hitches, trailer parts, roof racks, bicycle racks, cargo carriers and towing accessories.  CARiD is a competitor of etrailer.

3.    As part of its business and to assist its customers in making online purchasing decisions, etrailer expended great time and effort to create thousands of

proprietary photographs and videos.  etrailer makes these photographs and videos available for customer use on etrailer's website located at www.etrailer.com.

4.     Rather than create its own original photographs or videos, CARiD willfully and knowingly stole <u>thousands</u> of etrailer's copyright protected photographs and videos, removed etrailer's marks and signage from many of the photographs and videos and posted them on its website, www.carid.com (the "Website").  When etrailer put CARiD on notice of the infringements, CARiD removed some of the infringing images from its website, only to repost them later.

5.     CARiD's conduct has caused etrailer irreparable harm and, unless CARiD is enjoined from further copyright infringement, trademark infringement and unfair competition, etrailer will suffer further immediate and irreparable harm.

6.     etrailer seeks herein permanent injunctive relief and actual damages, statutory damages, attorneys' fees and costs pursuant to federal and state laws governing copyrights, trademarks and unfair competition.

## PARTIES

7.     etrailer is a Missouri corporation with a principal place of business at 1507 Highway A, Wentzville, Missouri 63385.

8.     CARiD is New Jersey Corporation with a principal place of business at 1 Corporate Drive, Cranbury, New Jersey 08512.  CARiD is in the business of selling automotive accessories and parts, including by online sales under the name

CARID.COM via the website www.carid.com.  CARiD's use of the name CARID.COM for "[r]etail and wholesale distribution of automotive accessories" is shown by the Registration of Alternate Name filed by CARiD, attached as Exhibit A hereto.

## JURISDICTION AND VENUE

9.      This Court has original and exclusive subject matter jurisdiction of this action under 28 U.S.C. § 1338(a) and 28 U.S.C. §1331 because the action arises under federal copyright and trademark law and under 28 U.S.C § 1332 because the parties hereto are citizens of different states and the amount in controversy exceeds $75,000.00.

10.     This Court has supplemental jurisdiction over the subject matter of this action under 28 U.S.C § 1367(a) in that the state law claims are so related to the claims over which the Court has original jurisdiction that they form part of the same case or controversy.

11.     This Court has personal jurisdiction over CARiD at least because of the following facts.

a.      etrailer's website prominently discloses etrailer's Missouri situs and residence on its contact page, which indicates:

**Mailing Address:**
etrailer
1507 East Hwy A
Wentzville, MO 63385

**etrailer.com Warehouse Locations**
Wentzville, Missouri **(HUB)**
St. Charles, Missouri

b.    CARiD specifically and purposefully directed its acts and the intended

effects of its acts to and into Missouri by targeting etrailer to be the victim of, not

just a few isolated instances of infringement, but a massive theft of intellectual

property assets, which required consistent, repeated and long-term acts of

accessing, searching and copying of videos and thousands of images from etrailer's

Missouri-based servers that hold website content and then scouring through the

stolen images and videos to remove etrailer's marks and other identifying indicia.

d.    CARiD specifically and purposefully targeted etrailer by misusing its

intellectual property on the Website for purpose of unfairly competing with etrailer

in Missouri, among other states.  CARiD thereby directed its acts at and into the

state of Missouri and intended, knew and expected that the damage to and

repercussions felt by etrailer would occur in Missouri at its principal place of

business, which damage and repercussion have in fact been felt in Missouri and by

etrailer.

e.    In addition, CARiD markets, distributes and sells a substantial amount

of products, including those that are the subject of the infringing activities of this

Complaint to customers in the State of Missouri and within this judicial district.  A

sampling of the substantial sales made in Missouri to Missouri residents is

evidenced from customer reviews posted on the Website and is set out below.



### Good.

★★★★☆
4.5 of 5

**Spectra Premium®** - A/C Condenser Fan Assembly

| | |
|---|---|
| Appearance | 5 |
| Ease Of Installation | 3 |
| Price/Value | 5 |
| Quality | 5 |

*Product looked fresh and straight out of the factory. A service representative helped me select this fan, he was helpful and very knowledgeable. Fan is quiet and cools very well. Fitting was a problem due to difficulty finding space. I advise installing the radiator first, installing the fan first then trying to fit the entire assembly in won't work.*

Posted by Jonathan (Pomona, MO) / October 7, 2016
1995 Honda Prelude

### Coverking

★★★★★
5 of 5

**Coverking® CSC2A3TT9722** - Neosupreme 2nd Row Black & Gray Custom Seat Covers

| | |
|---|---|
| Appearance | 5 |
| Ease Of Installation | 5 |
| Price/Value | 5 |
| Quality | 5 |

*Awesome product. I was afraid that they may be hot, but not the case at all. Easy to install and stays put without always having to adjust them because they slip. The fit is perfect. Couldn't be happier, plus saved $200 over purchasing them from the dealer. Grandsons spilled some soda the other day and seat covers didn't allow any to reach the set. I couldn't be happier.*

Posted by David (Phillipsburg, MO) / October 4, 2016
2016 Toyota Tundra

### Radiator

★★★★★
5 of 5

**Spectra Premium®** - Radiator

| | |
|---|---|
| Appearance | 5 |
| Ease Of Installation | 5 |
| Price/Value | 5 |
| Quality | 5 |

*From the time I opened the box it looked like performance and it was easy to install it took about 15 to 20 minutes.*

Posted by Robin (Kansas City, MO) / October 4, 2016
2006 Hyundai Tiburon

Was this review helpful for you?   YES

### Didn't Fit

★★★☆☆
2.5 of 5

**B&I®** - Fender Trim

| | |
|---|---|
| Appearance | 3 |
| Ease Of Installation | 1 |
| Price/Value | 3 |
| Quality | 3 |

*The product does not fit our vehicle even though the literature said it should. We are sending it back for refund or replacement.*

Posted by Charles (Camdenton, MO) / September 30, 2016
1988 Chrysler New Yorker

Was this review helpful for you?   YES

6

★ ★ ★ ★ ★     **Look Great**

5 of 5     Spec-D® - Chrome/Smoke Halo Projector LED Headlights

| Appearance | 5 |
| Ease Of Installation | 5 |
| Price/Value | 5 |
| Quality | 5 |

*Look great and fit perfectly on my LX. The LED's have improved the efficiency of my battery, and they make seeing at night easier. Great purchase.*

Posted by Nicholas (Ballwin, MO) / September 30, 2016
2009 Honda Civic

f.      In engaging in the unlawful activities stated herein, CARiD, identified etrailer as a Missouri-based major online retailer of motor vehicle accessories against which CARid would compete unlawfully.  CARiD thus knew of etrailer's existence, targeted etrailer's business and entered into competition against etrailer in Missouri.

## FACTS

12.     etrailer is a leading online vendor of motor vehicle accessories, including trailer hitches, trailer parts, roof racks, bicycle racks, cargo carriers and towing accessories.

13.     CARiD is a direct competitor of Plaintiff and owns and operates the "Website."

14.     etrailer is the sole legal owner of a multitude of works ("Works") in the form of photographs and videos which it displays on its website for customers using its website to view. (This multitude of Works is collectively referred to herein as the "etrailer Portfolio.")

7

15.    The Works of the etrailer Portfolio are original, creative works in which etrailer owns protectable copyright interests.

16.    etrailer invested significant time and money building the etrailer Portfolio.  In creating the Works etrailer took steps to ensure that its name, logos and marks (collectively "etrailer Marks") were prominently featured in the Works.

17.    etrailer has obtained several active and valid copyright registrations with the United States Copyright Office, which registrations cover many of the Works of the etrailer Portfolio and many other photographic and videographic Works are the subject of pending copyright applications.

18.    etrailer federally secured its rights to the Works in the etrailer Portfolio with Copyright Registrations in the United States Copyright Office. Exhibit B to this Complaint includes a sample listing of some of the product images that CARiD has infringed.  Exhibit B correlates the product images to a specific etrailer Copyright Registration.  The listing on Exhibit B is not complete as further investigation as to the level of CARiD's theft continues.

19.    etrailer has been at all times relevant hereto and is the sole owner of all rights, title and interest in and to the Copyright Registrations.

20.    etrailer has displayed its copyrighted Works on its website http://www.etrailer.com to enable sales of its products depicted in those Works.

21.    CARiD is the registered owner of the Website and is responsible for its content.

22.    CARiD uses the Website to sell the same or similar merchandise as etrailer and, on information and belief, CARiD profits from this sales activity.

23.    Without license, permission or authorization from etrailer, CARiD infringed Plaintiff's copyrights by copying, modifying and displaying thousands of etrailer's Works on the Website (the "Infringements").  Exhibits C-F list a sampling of Infringements by CARiD that have occurred on the Website and on ebay via postings by CARiD.   As noted, CARiD has infringed thousands of etrailer photographs and etrailer is continuing to correlate each infringed photograph to a registration number.

24.    As is exemplarily set forth in Exhibits C-F, CARiD:

a.    copied, displayed or caused to display unauthorized copies of etrailer's Works on its Website (Exhibit C);

 b.    copied, displayed or caused to display unauthorized copies of etrailer's Works on ebay (Exhibit D);

c.    re-copied, re-posted and caused to be re-displayed copies of etrailer's Works on its Website (Exhibit E); and

d.    re-copied, re-posted and caused to be re-displayed copies of etrailer's Works on ebay (Exhibit F).

25.    CARiD was aware of circumstances or facts from which the fact of infringement of etrailer's copyrights was apparent. To wit, the number of unauthorized copies is in the thousands.   In addition, various photographs and videos that were illegally misappropriated by CARiD depict an etrailer marking or logo on products or individuals shown in the particular Work.  As part of its scheme to utilize etrailer's protected Works and defraud customers, CARiD removed or obscured etrailer's marks that appeared in certain of those photographs and videos.

26.    Based upon the totality of the circumstances, CARid cannot claim that it was not aware of the infringing activities, including the specific Infringements set forth on Exhibits C-F.  In fact, when etrailer put CARiD on notice of the Infringements, CARiD removed some of the infringing images from its website, only to repost them later.

27.    CARiD engaged in the Infringements knowingly and in violation of United States copyright laws.

28.    CARiD with knowledge of the Infringements of etrailer's copyrights failed to promptly stop same and specifically continued the display of and possession of etrailer's images and videos

29.    CARiD has received a financial benefit directly attributable to the Infringements.  Specifically, by way of the Infringement, CARiD increased traffic

to the Website and increased merchandise sales. Additionally, CARiD took etailer's Works to aid in their sales of competing goods, but without incurring the costs and effort spent by etailer.  By doing so, CARiD was able to sell its products for unjustifiably competitive prices against etailer.

30.    As a result of CARiD's acts as stated herein, etailer has been substantially harmed.

31. etailer sent notification of the Infringements to CARiD.  In response to that notification, counsel for CARiD indicated that the infringing materials had been removed from CARiD's Website.  Upon information and belief, all of the Infringements were not removed or were reposted later.

### COUNT I
### Direct Copyright Infringement, 17 U.S.C. §501, et seq.

32.    etailer repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though fully set forth herein.

33.    The Works are original, creative works in which etailer owns protectable copyright interests.

34.    etailer has not licensed in any manner CARiD a right to use any of the Works of its Portfolio.  Nor has etailer assigned any of its copyrights in any of those Works to CARiD.

35.     Without permission or authorization from etrailer and in willful violation of etrailer's rights under 17 U.S.C. §106, CARiD illegally copied, reproduced, modified and publicly displayed etrailer's copyright protected works.

36.     CARiD's reproduction and display of etrailer's Works on the Website constitutes willful copyright infringement.

37.     By virtue of the infringing acts of CARiD an unknown amount of people have viewed the unlawful copies of etrailer's Works on the Website.

38.     CARiD had knowledge of the copyright infringement alleged herein and had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

39.     As a direct and proximate result of CARiD's acts, etrailer has been substantially harmed.

40.     etrailer requests a permanent injunction pursuant to 17 U.S.C.§502(a) prohibiting CARiD from engaging in further infringing acts relating to the Works.

41.     etrailer requests pursuant to 17 U.S.C.§505 its attorneys' fees and costs for the prosecution of this action.

**COUNT II**
**Federal Unfair Competition and False Designation of Origin**
**(Lanham Act Section 43(a), 15 U.S.C. § 1125(a))**

42.    etrailer repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though fully set forth herein.

43.    CARiD's unauthorized removal and alteration of the etrailer Marks in connection with the advertisement, offer for sale, and/or sale of the products through the webpages of the Website falsely designates, describes or represents the products sold by CARiD and their origin, and is likely to cause confusion, mistake, and deception as to the affiliation, connection, or association of the products with etrailer, or as to the sponsorship or approval of said products by etrailer.

44.    CARiD's actions as alleged herein have diminished the goodwill in the etrailer Marks which etrailer has built up at great labor and expense.

45.    CARiD's actions as alleged herein constitute unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

46.    CARiD's actions as alleged herein with respect to the etrailer Marks has caused etrailer to suffer economic harm, are likely to cause etrailer to continue to suffer economic harm and/or are likely to result in unjust enrichment to CARiD.

47.    CARiD's actions as alleged herein with respect to the etrailer Marks have been deliberate, willful, and intentional, with full knowledge and in conscious disregard of etrailer's rights in the etrailer Marks.

48.    As a result of the foregoing alleged actions of CARiD, etrailer has been injured and damaged.

## COUNT III
### State & Common Law Unfair Competition/False Designation of Origin
### (Mo. Rev. Stat. §§417.056-417.066)

49.    etrailer repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though fully set forth herein.

50.    CARiD's actions as alleged herein with respect to the etrailer Marks constitute trademark infringement and unfair competition in violation of Mo. Rev. Stat. § 417.061 and in violation of the common law of Missouri.

51.    CARiD's actions as alleged herein with respect to the etrailer Marks and alteration of the etrailer Works has caused, is causing and, unless enjoined by this Court, will continue to cause confusion and mistake in the marketplace and deception of the trade and public as to the source, origin, or sponsorship of the Website and the products depicted thereon.

52.    CARiD's actions with respect to the etrailer Marks and alteration of etrailer's Works have caused and, unless restrained by this Court, will continue to

cause, serious and irreparable damage to etrailer, including within the State of Missouri, for which etrailer is entitled to relief under the common law.

53.    As a result of the foregoing actions of CARiD, etrailer has been irreparably injured.  Unless the foregoing alleged actions of CARiD are enjoined, etrailer will continue to suffer such injury.


## PRAYER FOR RELIEF

Wherefore, for the foregoing reasons, etrailer respectfully requests judgment as follows:

1.    Entry of a judgment:

a) finding that CARiD has infringed etrailer's rights to the Works in violation of 17 U.S.C. §501, et seq.;

b) directing CARiD to provide to etrailer positive proof of destruction of any and all unlawful copies of etrailer's Works or allowing etrailer the right to affect same destruction; and

c) awarding monetary damages and injunctive relief to etrailer as follows:

i.    Statutory damages against Defendant(s) pursuant to 17 U.S.C. §504(c) of $150,000 per infringement or in the alternative Plaintiff's actual damages and the disgorgement of Defendant's profits in an amount to be proven at trial; and

ii.    A permanent injunction against Defendant(s) pursuant to 17 U.S.C. § 502;

iii.    Plaintiff's attorneys fees pursuant to 17 U.S.C. § 505; and

iv.    Plaintiff's costs; and

2.    Entry of a judgment that CARiD has competed unfairly with etrailer in violation of etrailer's rights under 15 U.S.C. § 1125(a) and the common law of Missouri;

3.    Entry of a judgment that CARiD's activities have violated the Missouri law;

4.    Entry of an order directing CARiD to compensate etrailer for any and all advertising or other expenses necessary to dispel the public confusion caused by CARiD's unlawful acts;

5.    Entry of a judgment against CARiD for monetary damages in an amount to be proven at trial, including but not limited to, all amounts necessary to compensate etrailer for CARiD's wrongful use of the etrailer Marks, or for an award of CARiD's profits and for an award of reasonable attorneys' fees and costs;

6.    Entry of a judgment against CARiD for legal fees upon a finding that this case is exceptional under 15 U.S.C. § 1117, and for increased damages upon a finding of willfulness in CARiD's unlawful acts alleged herein with respect to the

etrailer Marks, said award to equal at least treble etrailer's actual damages under 15 U.S.C. § 1117; and

      7.    Entry of a judgment awarding such other relief to etrailer that the Court determines is just and proper.

Respectfully submitted,

/s/Don V. Kelly
Don V. Kelly (MO 37121)
EVANS & DIXON, LLC
Metropolitan Square
211 N. Broadway, Suite 2500
St. Louis, Missouri  63102
Tel:  314/621-7755
Fax:  314/621-3136

*Attorneys for Plaintiff etrailer Corporation*