UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ETRAILER CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:17-CV-01284-AGF |
| | ) |
| ONYX ENTERPRISES, INT'L CORP. | ) |
| d/b/a CARiD.COM, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This copyright infringement action is before the Court on the motion (ECF No. 40) of Defendant Onyx Enterprises, International Corp., to dismiss Plaintiff etrailer Corporation's amended complaint for failure to state a claim. For the reasons set forth below, the motion to dismiss will be denied.

## BACKGROUND

Plaintiff is an online vendor of motor vehicle accessories such as trailer hitches, trailer parts, and towing accessories manufactured by another entity. Plaintiff uses its own high-quality photographs and videos to advertise and market the products it sells. Plaintiff asserts in its amended complaint that its photos are "original, creative works" for which it has several active and valid copyright registrations with the United States Copyright Office, or pending copyright applications. ECF No. 32 at 7. Defendant is a direct competitor of Plaintiff in the online car accessories sales market and sells many of the same products that Plaintiff sells. The amended complaint includes a link to

Plaintiff's website where the photos appear—www.etrailer.com. They are realistic photographs of automotive products depicted in white space.

Plaintiff claims that Defendant engaged in willful direct copyright infringement in violation of the federal Copyright Act, 17 U.S.C. § 501, by copying and displaying thousands of Plaintiff's photos on Defendant's website and on eBay, to sell the products depicted in the photos (Count I); and removed copyright management information—namely Plaintiff's logos and/or marks—from some of the products depicted in the photos, in violation of § 1202(b) of the Act. (Count II). For relief, Plaintiff seeks a finding that Defendant has infringed Plaintiff's rights to the photos; an order directing Defendant to provide proof of destruction of unlawful copies of the photos or to allow Plaintiff to effect the same; an award of monetary damages (statutory damages of $150,000 per infringement or actual damages and disgorgement of profits to be proven at trial, attorney's fees, and costs); and permanent injunctive relief.

Defendant argues that Plaintiff's amended complaint fails to state a claim because the photos in question are undeserving of copyright protection as they do not involve "even a modicum of creative expression." ECF No. 40 at 1. Rather they are, according to Defendant, "unadorned products depicted in white space . . . ." *Id*. at 5. Defendant notes that the amended complaint does not allege that Plaintiff made any decisions with regard to lighting, shading, or background in producing the photographs.

Plaintiff responds that whether Plaintiff' photos deserve copyright protection is a question of fact that cannot be decided on a motion to dismiss, and further that the photos are copyrightable. Attached to Plaintiff's response is the July 16, 2017 affidavit of

Plaintiff's "Creative Designer and Lead Digital Imaging Specialist."  The affiant explains that she was tasked with "formalizing and perfecting [Plaintiff's] policy of photographing [Plaintiff's] products so that those products are displayed in images in a higher quality light than [Plaintiff's] competitors, who often simply use stock photos provided from manufacturers," and that Plaintiff "photographs the products it sells in a way that makes the customer feel as if he or she were in the same room as the underlying products."  ECF No. 43-1 at 1-2.  She describes and how after taking photos of the products, Plaintiff uses image editing software, such as Adobe Photoshop, and editing processes, such as Magic Wand, to edit the photos to adjust the images.  The affiant attests further that "[o]ther techniques that are used are smooth, crop, saturate, and burn to prepare the photographs for the website," and that "[u]sing advanced technology, [Plaintiff has] recently been able to automate some of the processes outlined [in the affidavit]."  *Id*. at 3, 7.

Defendant replies that here the Court could decide the issue as a matter of law at this stage of the proceedings, from the face of Plaintiff's complaint, that the photos at issue are merely descriptive and do not deserve copyright protection.  Defendant maintains that the affidavit described above was improperly filed in response to the motion to dismiss, and should be disregarded by the Court as an attempt to further amend the complaint, without leave.  Defendant points to the statement in the affidavit that the process of creating the photos at issue has been automated, as support for Defendant's position that the photos lack any creativity and originality.

## **DISCUSSION**

For a plaintiff to survive a motion to dismiss, "a complaint must contain sufficient

3

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The reviewing court must accept the plaintiff's factual allegations as true and construe them in the plaintiff's favor, but the court is not required to accept the legal conclusions the plaintiff draws from the facts alleged. *Id.*; *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768-69 (8th Cir. 2012). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citation omitted). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Id*.

Copyright owners have the exclusive rights to reproduce and distribute copyrighted works. 17 U.S.C. § 106. To make a case for copyright infringement, a plaintiff must show (1) it owns a valid copyright, and (2) the defendant copied constituent elements of the work that are original to the plaintiff. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co*., 499 U.S. 340, 346 (1991); *Meshwerks, Inc. v. Toyota Motor Sales U.S.A., Inc*., 528 F.3d 1258, 1262 (10th Cir. 2008). For purposes of the motion before the Court, there is no dispute about copying; Defendant used Plaintiff's photos in Defednant's promotional materials. The focus instead is on the validity of Plaintiff's asserted copyright in the photos.

Copyright protection extends only to "original works of authorship. . . . A work is original if it was independently created by the author and possesses at least some minimal

4

degree of creativity." *Id*. at 345. "The requisite level of creativity is extremely low; even a slight amount will suffice." *Id*. "[O]riginality, not 'sweat of the brow,' is the touchstone of copyright protection." *Id*. at 359-60. A copyright registration creates a presumption of the validity of the copyright, 17 U.S.C. §410(c), but Defendant "may overcome this presumption by presenting evidence and legal argument sufficient to establish that the works in question were not entitled to copyright protection" after all. *Meshwerks*, 528 F.3d at 1262.

"[P]hotographs are not per se copyrightable, for a photograph may lack sufficient originality to meet the requirements of copyright protection." *Id.* at 1264. But "federal courts have historically applied a generous standard of originality in evaluating photographic works for copyright protection." *Schrock v. Learning Curve Int'l, Inc.*, 586 F.3d 513, 519 (7th Cir. 2009) (citing cases).

> "[I]n many cases . . . the original expression [the photographer] contributes lies in the rendition of the subject matter— that is, the effect created by the combination of his choices of perspective, angle, lighting, shading, focus, lens, and so on. Most photographs contain at least some originality in their rendition, see except perhaps for a very limited class of photographs that can be characterized as "slavish copies" of an underlying work"

*Id*.

Here, as noted above, Plaintiff alleges that the photographs are "original, creative works." In ruling on Defendant's motion to dismiss, the Court accepts this allegation as true and construes it is Plaintiff's favor. The Court does not believe that to survive the motion to dismiss, Plaintiff was required to add factual allegations as to what specific aspects of the photos—such as lighting, or background—were creative. The Court cannot say as a matter of law that Defendant overcame the presumption of validity of Plaintiff's

5

copyrights, or that the product-accurate photos do not meet the minimal originality requirement in *Feist*, so as to protect them from the outright coping that allegedly occurred here. *See, e.g., SHL Imaging, Inc. v. Artisan House, Inc.*, 117 F. Supp. 2d 301, 311 (S.D.N.Y. 2000). The Court reaches this conclusion based on the amended complaint itself, without regard to the affidavit submitted by Plaintiff.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Defendant Onyx Enterprises, International Corp., to dismiss Plaintiff's amended complaint for failure to state a claim is **DENIED**. (ECF No. 40.)

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 7th day of February, 2018.